UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CARNELL
HILL,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,

        Defendant.
_____/

Case No. 2:19-cv-13350
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13), GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14), and AFFIRM THE COMMISSIONER'S DECISION

**I.    RECOMMENDATION**: For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 13), **GRANT** Defendant's cross-motion for summary judgment (ECF No. 14), and **AFFIRM** the Commissioner's decision.

**II.    REPORT**

    Plaintiff, Vincent Carnell Hill, brings this action under 42 U.S.C. §§ 405(g) and/or 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for supplemental security income (SSI) benefits. This matter is before the United States Magistrate Judge for

a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 13), the Commissioner's cross-motion for summary judgment (ECF No. 14), and the administrative record (ECF No. 11). Neither party has filed a reply brief.

### A. Background and Administrative History

Plaintiff filed SSI applications on March 4, 2016 and on July 13, 2017, in each case alleging that his disability began on January 1, 2014, at the age of 60. (R. at 162-170, 171-179.) In his disability report, he alleged that certain conditions (depression, paranoia schizophrenia, and post-traumatic stress disorder (PTSD)) limit his ability to work. (R. at 198.) Plaintiff's applications were denied in May 2016 and August/September 2017. (R. at 66-105.)

On October 12, 2017, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). (R. at 106-108.) On May 17, 2018, ALJ Lauren Burstein held a hearing, at which Plaintiff and a vocational expert (VE), Toni McFarland, testified. (R. at 29-65; *see also* R. at 287-288.) On October 31, 2018, ALJ Burstein issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 7-23.)

On December 31, 2018, Plaintiff submitted a request for review of the hearing decision. (R. at 160-161.) However, on September 13, 2019, the Appeals Council denied Plaintiff's request for review. (R. at 1-6.) Thus, ALJ Burstein's

decision became the Commissioner's final decision. Plaintiff timely commenced the instant action on November 13, 2019.

### B. Plaintiff's Medical History

The administrative record contains approximately 1,131 pages of medical records, which were available to the ALJ at the time of the October 31, 2018 decision. (R. at 23, 292-1422 [Exhibits 1F-7F].) Plaintiff's medical records will be discussed in detail, as necessary, below.

### C. The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since June 29, 2017, the application date. (R. at 12.)[1] At **Step 2**, the ALJ found that Plaintiff had several severe impairments (schizophrenia, PTSD, and substance abuse). (*Id*. at 12.) At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 12-14.)

---

[1] Although the applications themselves are dated March 4, 2016 and July 13, 2017 (R. at 161, 171), the ALJ's decision uses June 29, 2017 as the application date (R. at 10-19), as do other documents within the record (R. at 123, 130, 172).

3

**Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[2] and determined that Plaintiff had the RFC:

> . . . to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine, repetitive work with little to no change in the work setting/routine; only simple, work-related decisions.

(*Id*. at 14-18.) At **Step 4**, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id*. at 18.) At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id*. at 18-19.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since June 29, 2017, the date the application was filed. (*Id*. at 19.)

### D. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal

---

[2] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 239 (6th Cir. 2002).

standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*,

5

581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E. Analysis

Plaintiff claims the "sole issue in this case" is that he "turned 65 years of age prior to" the ALJ's October 31, 2018 decision. (ECF No. 13, PageID.1493.) However, he more accurately makes two related arguments: (1) the ALJ failed to consider Plaintiff's age classification when issuing the October 31, 2018 decision, for which Plaintiff cites 20 C.F.R. § 416.963 and 20 C.F.R. § Pt. 404, Subpt. P, App. 2; and, (2) the SSA refused "to process his claim for benefits while the Appeals Council Review was being conducted[,]" for which Plaintiff cites Social Security Ruling 11-1p and the corresponding provision of the SSA's Program Operations Manual System (DI 51501.001). (ECF No. 13, PageID.1499-1501.)[3]

---

[3] Plaintiff's brief does not comply with E.D. Mich. LR 7.1(d)(1)(2) ("Form of Required Briefs."), as it does not "contain a concise statement of the issues presented . . . ." The Undersigned's Practice Guidelines for Social Security cases remind the parties that "[a]ll motions and briefs must comply with Local Rule 7.1[,]" in particular "the requirement that all briefs must include an 'Issues Presented' page." The same guideline provides that, "[w]ithin the parties' briefs, the issues presented should be labeled as section headings, and should match the

Thus, Plaintiff claims he was "deprived . . . of the payment of benefits from 10/4/2018 [the date he turned 65 years old] through 9/13/2019 [the date of the Appeals Council's decision]." (*Id.*, PageID.1493, 1499.)

### 1. Was the ALJ required to address Plaintiff's entitlement to SSI benefits based on age?

Plaintiff was 62 years old at the time he filed his March 2016 SSI application (R. at 162-170) and 63 years old at the time he filed his June/July 2017 SSI application (R. at 171-179). At either time, he was not only a "[p]erson of advanced age[,]" *i.e.*, age 55 or older, but also a person who was "closely approaching retirement age (age 60 or older)." 20 C.F.R. § 416.963(e). *See also* 20 C.F.R. § 416.968(d)(4) ("Transferability of skills for persons of advanced age."). In her written decision, the ALJ noted that Plaintiff "was 63 years old, which is defined as an individual closely approaching retirement age, *on the date the application was filed*[.]" (R. at 18 (citing 20 C.F.R. § 416.963) (emphasis added).)

Plaintiff turned 65 years old on October 4, 2018. (ECF No. 13, PageID.1500; R. at 162, 171.) ALJ Burstein issued her decision on October 31,

---

items listed on the 'Issues Presented' page." *See* www.mied.uscourts.gov. While the Undersigned has considered Plaintiff's legal analysis, which is framed in a single argument (*see* ECF No. 13, PageID.1497, 1499), in the future, "[a]ny issue addressed in the brief that is not both 1) included in Issues Presented and 2) labeled as a section heading within the brief, will not be considered by the Court." (*Id.*)

2018, ultimately concluding that Plaintiff had not been under a disability since June 29, 2017. (R. at 7, 19.) In other words, the Commissioner contends, the ALJ found that Plaintiff was not under a disability from June 29, 2017 to October 31, 2018. (ECF No. 14, PageID.1507.)

Plaintiff advocates that he was "entitled to SSI benefits due to his attainment of age 65 on the date that the decision was released[,]" (ECF No. 13, PgeID.1501), but he has not shown how. To the extent Plaintiff claims that 20 C.F.R. § Pt. 404, Subpt. P, App. 2 "was no longer applicable . . . [,]" (ECF No. 13, PageID.1500), he does not specify the section upon which he relies. Moreover, given the ALJ's conclusion that Plaintiff was able to perform "a full range of work at all exertional levels . . . [,]" (R. at 14), Section 204.00 provides, in part, that "an impairment which does not preclude heavy work (or very heavy work) would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education, and skill level of prior work experience may be considered adverse." 20 C.F.R. § Pt. 404, Subpt. P, App. 2. Also, Plaintiff claims that "[c]ase law would appear to support the granting of benefits[,]" in support of which he cites *Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1993). (*Id.*) Without elaboration, it is unclear how this case aids Plaintiff's cause, especially since the Sixth Circuit affirmed the district court's grant of summary judgment for the Secretary. *Hogg*, 987 F.2d at 334.

Instead, the Court is persuaded by two of the Commissioner's arguments. (ECF No. 14, PageID.1508-1510.) First, albeit in a non-binding decision – where the claimant alleged "it was error for the ALJ to not assess Plaintiff's SSI eligibility upon reaching sixty-five years of age . . . [,]" at least one court has agreed with "the position of the Commissioner that a field office, not the ALJ, should decide this issue." *Manzo v. Astrue*, No. 8:08-CV-2602-T-EAJ, 2010 WL 11519664, at *6 (M.D. Fla. Mar. 24, 2010), *aff'd sub nom. Manzo v. Comm'r of Soc. Sec.*, 408 F. App'x 265 (11th Cir. 2011). Second, even if Plaintiff met the age requirement (*see* 20 C.F.R. § 416.202(a)(1)), he must also meet other requirements, such as not having "more income than is permitted . . . [,]" or "more resources than are permitted . . . ." 20 C.F.R. § 416.202(c),(d). While the Undersigned acknowledges the "resources" and "income" portions of Plaintiff's SSI applications (R. at 163-164, 172-173), Plaintiff's brief on appeal does not address these subjects, and he has not filed a reply to address the Commissioner's arguments. Thus, even if the ALJ's decision was silent "as to the significance of the attainment of age 65[,]" Plaintiff has not shown that he "should have been awarded benefits" on October 31, 2018. (ECF No. 13, PageID.1500-1501.)

> 2. **Whether Plaintiff has exhausted his claim that he is entitled to SSI benefits from October 2018 to September 2019?**

Plaintiff claims he was deprived of SSI payments from October 4, 2018 – the date on which he turned 65 years old – through September 13, 2019 – the date

9

the Appeals Council denied his request for review. (ECF No. 13, PageID.1493.) According to Plaintiff, the SSA "refused to allow [him] to apply for benefits on multiple occasions due to the pending Appeals Council Action." (ECF No. 13, PageID.1493.) Stated otherwise, Plaintiff claims he was "not allowed to process his claim for benefits upon obtaining age 65 due to a refusal of the field office to process an application[,]" seemingly due to Plaintiff's "prior application pending for the same benefits type . . . ." (ECF No. 13, PageID.1499.)

Plaintiff supports his claim by suggesting that his December 31, 2018 request for review of the hearing decision (R. at 160-161) was done on the instruction of personnel from the SSA's Field Office and by stating that "[h]e was not advised at that time that he was entitled to benefits . . . ." (*Id*.) (ECF No. 13, PageID.1500.) However, to the extent Plaintiff claims that the SSA and/or its Field Office would not allow Plaintiff to apply for SSI benefits because the Appeals Council's review was then-pending (*id*., Page.1493, 1499), the Commissioner makes two convincing points. (ECF No. 14, PageID.1510-1512.) First, "[t]he unsworn, self-serving statements of counsel are not evidence." *Tapco Prod. Co. v. Van Mark Prod. Corp.*, 446 F.2d 420, 429 (6th Cir. 1971). Second, Plaintiff can seek relief directly from the SSA:

> You may have considered applying for SSI benefits for yourself or for another person, and you may have contacted us in writing, by telephone or in person to inquire about filing an application for these benefits. It is possible that in responding to your inquiry, we may

10

have given you *misinformation* about your eligibility for such benefits, or the eligibility of the person on whose behalf you were considering applying for benefits, which caused you not to file an application at that time. If this happened, and later an application for such benefits is filed with us, we may establish an earlier filing date under this section.

20 C.F.R. § 416.351(a) (emphasis added). Thus, to the extent Plaintiff speculatively argues that the SSA and/or its Field Office improperly applied SSR 11-1p, which sets forth "procedures for handling requests to file subsequent applications for disability benefits[,]" SSR 11-1P (S.S.A. July 28, 2011), or the corresponding provision of the SSA's Program Operations Manual System (DI 51501.001), it seems his recourse for having been "prevented from filing for benefits," (ECF No. 14, PageID.1499-1500), should be addressed through Section 416.351 by filing an application to "establish an earlier filing date . . . ." If the SSA refuses to establish an earlier filing date, then Plaintiff could seek "administrative and judicial review[,]" because "[a] claim for benefits under § 416.351 based on alleged misinformation[,]" is an "initial determination." 20 C.F.R. § 416.1402(m). In essence, this Court lacks appellate jurisdiction to review the SSR 11-p issue in light of Plaintiff's failure to pursue it through the appropriate review process below.

### F. Conclusion

Plaintiff has not shown error in the ALJ's October 31, 2018 decision, *Walters v. Commissioner of Social Sec.,* 127 F.3d 525, 529 (6th Cir. 1997), or that

11

he is otherwise entitled to relief from this Court.  Accordingly, as detailed in the foregoing discussion, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 13), **GRANT** Defendant's cross-motion for summary judgment (ECF No. 14), and **AFFIRM** the Commissioner's decision.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days after being served with a copy, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after being served with a copy of an objection, the opposing party may file a concise response

proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 27, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE